**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

INDIRA CLARITAS MUNIZ,

          Plaintiff,

v.

GREEN CROSS HOME CARE SERVICES, INC.
D/B/A COMMITMENT HOME CARE,
GEORGES A. AUSTIN,

          Defendants.

_____/

## <u>COMPLAINT</u>

Plaintiff, INDIRA CLARITAS MUNIZ ("Muniz"), by and through the undersigned counsel, brings this action against Defendants, GREEN CROSS HOME CARE SERVICES, INC. d/b/a COMMITMENT HOME CARE ("Green Cross") and GEORGES A. AUSTIN ("Austin"), and alleges:

1.     This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201- 219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.     Muniz performed work for Defendants in South Florida including Broward County, Florida and was an "employee" of Defendants as defined by the FLSA.

3.     At all times material hereto, Muniz was a resident of the State of Florida and an employee in the domestic service of a household and performing a variety of household services as defined by the FLSA under 29 U.S.C. § 202.

4.     Green Cross is a Florida corporation engaged in business in South Florida.

5.     Austin is an FLSA employer, as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Green Cross, controlled Muniz's duties, hours worked, and compensation, ran the day-to-day

operations and has operational control over Green Cross, and was directly involved in decisions affecting employee compensation and hours worked by employees, such as Muniz.

6.      Green Cross's business, which involves patient home care services, has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper and or uses instrumentalities of interstate commerce including but not limited to phones.

7.      Upon information and belief, Green Cross' gross sales or business done was in excess of $500,000 per year at all times material hereto.

8.      Green Cross was and is an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

9.      At all times material hereto, Muniz engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate communication through phone or email with Defendants' staff coordinator in Kentucky, and was individually covered by the FLSA.

10.     Muniz worked as a home health aide for Defendants.

11.     Defendants failed to pay Muniz's full and proper overtime wages of 1.5 times Muniz's regular hourly rate for hours worked over 40 each week.

12.     Attached as <u>Exhibit A</u> is a preliminary calculation of Muniz's claims. These amounts may change as Muniz engages in the discovery process.

13.     Defendants have knowingly and willfully refused to pay Muniz's legally-entitled wages.

14.     Muniz has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### AGAINST DEFENDANT GREEN CROSS

15.     Muniz realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16.     Muniz alleges that she is entitled to time-and-a-half overtime pay and liquidated damages pursuant to the FLSA.

17.     Muniz seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Muniz requests compensatory and liquidated damages and reasonable attorney's fees and costs from Green Cross, jointly and severally liable with Austin, pursuant to the FLSA as cited above, to be proven at the time of trial for overtime pay owing from Muniz's entire employment period, or as much as allowed by the FLSA, whichever is greater, along with court costs. If Muniz does not recover liquidated damages, then Muniz will seek an award of prejudgment interest for the unpaid overtime pay, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### AGAINST DEFENDANT AUSTIN

18.     Muniz realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

19.     Muniz alleges that she is entitled to time-and-a-half overtime pay and liquidated damages pursuant to the FLSA.

20.     Muniz seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Muniz requests compensatory and liquidated damages and reasonable attorney's fees and costs from Austin, jointly and severally liable with Green Cross, pursuant to the FLSA as cited above, to be proven at the time of trial for overtime pay owing from Muniz's entire employment period, or as much as allowed by the FLSA, whichever is greater, along with court costs. If Muniz does not recover liquidated damages, then Muniz will seek an award of prejudgment interest for the unpaid overtime pay and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated on this 10th day of January, 2022.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, FL 33334
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791